**Filed**

JAN 2 4 2013



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LUZ SANCHEZ,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AURORA LOAN SERVICES, et al,<br><br>　　　　Defendants. | Case No.: CV 12-6337 PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH RECOMMENDATION THAT THE CASE BE DISMISSED** |

On December 14, 2012, Plaintiff Sandra Luz Sanchez ("Sanchez") filed a complaint bringing a cause of action pursuant to the Protecting Tenants in Foreclosure Act, 12 U.S.C. § 5220 ("PTFA").[1] She seeks to proceed in forma pauperis.

Granting or refusing permission to proceed in forma pauperis ("IFP") is a matter within the sound discretion of the trial court.[2] It is the court's duty to examine an IFP application "to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."[3] A federal court must

---

[1] See Docket No. 1.

[2] See Shobe v. People of State of California, 362 F.2d 545, 545 (9th Cir. 1966).

[3] Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965).

ORDER, *page 1*

dimiss a case such as this if the court determines that the case is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[4]

Here, Sanchez brings a claim for which there is no relief. In *Nativi v. Deutsche Bank National Trust Co.*,[5] the court thoroughly analyzed the PTFA and determined that it does not provide a private cause of action for tenants to assert rights in the event of foreclosure.[6] Other courts have agreed.[7] In light of the consensus that the PTFA does not provide a private cause of action, dismissal is appropriate.

Because Sanchez did not consent to magistrate jurisdiction by the deadline set by this court,[8] the court hereby ORDERS that this case be reassigned to a District Judge[9] with the recommendation that the IFP application be denied and the case be dismissed.

Dated: 1-24-13

PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See* 28 U.S.C. § 1915(e)(2).

[5] Case No. 09-6096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010).

[6] *See id.* at *3-5.

[7] *See, e.g., Lopez v. DAPC LLC*, Case No. C-12-1575 EDL, 2012 WL 2237727 (N.D. Cal. June 15, 2012); *Wells Fargo Bank v. Lapeen*, Case No. C 11-1932 LB, 2011 WL 2194117 (N.D. Cal. June 6, 2011).

[8] *See* Docket No. 4.

[9] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have the authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).